FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 0 8 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
AUSTIN BURTON, KENNY DORCEAN,
EDWIN GONZALEZ, TYQUAN JACKSON,
MARVINGT JULIEN, RASHED MCNEIL and
DADY MICHEL,

COMPLAINT AND
JURY DEMAND

                 Plaintiffs,

**CV 14      2902**

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL TEMPERINO, POLICE OFFICER
WILSON CARO, AND POLICE OFFICERS "JOHN
DOES 1-10", FICTITIOUS NAMES INTENDED
TO BE ALL POLICE OFFICERS AND EMPLOYEES
OF THE NEW YORK CITY DEPARTMENT EACH
INDIVIDUALLY AND AS POLICE OFFICERS OF
THE NEW YORK CITY POLICE DEPARTMENT,

**KUNTZ, J.**

**SCANLON, M.J.**

              Defendants.
--------------------------------------------------------------------X

      Plaintiffs, AUSTIN BURTON, KENNY DORCEAN, EDWIN GONZALEZ, TYQUAN

JACKSON, MARVINGT JULIEN, RASHED MCNEIL, and DADY MICHEL by and through

their attorney, ALEXANDER M. DUDELSON, ESQ., state as follows:

INTRODUCTION

     1.     This is an action for the wrongful acts of defendants, THE CITY OF NEW

YORK, POLICE OFFICER MICHAEL TEMPERINO, POLICE OFFICER WILSON CARO,

AND POLICE OFFICERS "JOHN DOES 1-10", FICTITIOUS NAMES INTENDED TO BE

ALL POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY DEPARTMENT

EACH INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE

DEPARTMENT, in violation of Plaintiffs rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

2.     Plaintiffs, AUSTIN BURTON, KENNY DORCEAN, EDWIN GONZALEZ, TYQUAN JACKSON, MARVINGT JULIEN, RASHED MCNEIL and DADY MICHEL allege that on or about March 22, 2014, defendants committed wrongful and illegal acts against Plaintiffs, including falsely arresting Plaintiffs, wrongly imprisoning Plaintiffs, assaulting and battering Plaintiffs and/or negligently causing physical injury to Plaintiffs, using excessive force in effecting the arrest of Plaintiffs, intentionally and/or negligently inflicting severe emotional distress, and negligence in the hiring and retaining of incompetent and unfit officers, negligence in the training and instruction, and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3.     This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

4.     Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the Plaintiff's Constitutional and civil rights.

5.      Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6.      Plaintiffs demand a trial by jury on each and every one of their claims as pled herein.

## PARTIES

7.      At all times relevant hereto, Plaintiff AUSTIN BURTON was and is a citizen of the United States, and resident of Kings County, in the City and State of New York.

8.      At all times relevant hereto, Plaintiff KENNY DORCEAN was and is a citizen of the United States, and resident of Kings County, in the City and State of New York.

9.      At all times relevant hereto, Plaintiff EDWIN GONZALEZ was and is a citizen of the United States, and resident of Middlesex County, in the City of Carteret, and State of New Jersey.

10.     At all times relevant hereto, Plaintiff TYQUAN JACKSON was and is a citizen of the United States, and resident of Kings County, in the City and State of New York.

11.     At all times relevant hereto, Plaintiff MARVINGT JULIEN was and is a citizen of the United States, and resident of Kings County, in the City and State of New York.

12.     At all times relevant hereto, Plaintiff RASHED MCNEIL was and is a citizen of the United States, and resident of Kings County, in the City and State of New York.

13.     At all times relevant hereto, Plaintiff DADY MICHEL was and is a citizen of the United States, and resident of Kings County, in the City and State of New York.

14.     At all times relevant hereto, Defendant, THE CITY OF NEW YORK, was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

15.     Defendant POLICE OFFICER MICHAEL TEMPERINO was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law.  Upon information and belief, POLICE OFFICER MICHAEL TEMPERINO was assigned to the 70th precinct of the New York City Police Department at the time of the occurrences alleged in this complaint.  He is being sued in both his individual and official capacities.

16.     Defendant POLICE OFFICER WILSON CARO was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law.  Upon information and belief, POLICE OFFICER WILSON CARO was assigned to the 70th precinct of the New York City Police Department at the time of the occurrences alleged in this complaint.  He is being sued in both his individual and official capacities.

17.     At all times relevant hereto, "JOHN DOES 1-10", FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, were at all times relevant to this action police officers employed by the New York City Police Department, and acted under the color of state law.  Upon information and belief, "JOHN DOES 1-10" were assigned to the 70th Precinct of the New York City Police

Department, at the time of the occurrences alleged in this complaint. They are being sued in both their individual and official capacities.

18.  At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

19.  At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants POLICE OFFICERS MICHAEL TEMPERINO, WILSON CARO, and "JOHN DOES 1-10," FICTITIOUS NAMES INTENDED TO BE ALL POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT INVOLVED IN THIS MATTER, the unknown police officers whose identity Plaintiffs intend to discover.

20.  At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

21.  At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful

propensities of the officers involved in the violation of civil rights, assault and battery and/or negligently causing physical injury, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of Plaintiffs.

22.     At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees hired to provide medical treatment and care for those in custody.

23.     The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiffs.

## FACTUAL BACKGROUND

24.     On March 22, 2014, at approximately 11:00 P.M, Plaintiffs were congregating with their friend James Landers at 636 East 21st Street - Unit 12, Brooklyn, New York, 11226. ("subject premises").

25.     That James Landers is the legal tenant of the subject premises.

26.     On March 22, 2014, at approximately 11:30 P.M., James Landers vacated the premises for the purposes of going to the corner deli.

27.     On March 22, 2014, at approximately 11:40 P.M., James Landers returned to the subject premises.

28.     Upon his return, James Landers observed Defendant POLICE OFFICERS

MICHAEL TEMPERINO and WILSON CARO listening at the front doorway of the subject

premises.

29.     Upon information and belief, as James Landers attempted to enter the subject

premises he was stopped by Defendant POLICE OFFICERS MICHAEL TEMPERINO and

WILSON CARO, and asked to provide identification.

30.     Upon information and belief, as James Landers was removing his identification,

Defendant POLICE OFFICERS MICHAEL TEMPERINO and WILSON CARO forcefully took

the key to the subject premises from James Landers' person.

31.     Upon information and belief, Defendant POLICE OFFICERS MICHAEL

TEMPERINO and WILSON CARO then proceeded to enter into the subject premises without

James Landers' consent.

32.     That upon entering into the subject premises, Defendant POLICE OFFICERS

MICHAEL TEMPERINO and WILSON CARO proceeded to inform Plaintiffs that they were

being placed under arrest.

33.     Defendant POLICE OFFICERS MICHAEL TEMPERINO and WILSON CARO

then performed a search on each named Plaintiffs.

34.     That the searches performed involved strip-searching the Plaintiffs and checking

their body cavities.

35. During each of the searches, each of the individual Plaintiff's were instructed to lie on the floor and were then kicked by the Defendants.

36. That Defendant POLICE OFFICERS MICHAEL TEMPERINO and WILSON CARO then performed a search of the subject premises.

37. That no contraband, weapons, or illegal substances were found within the subject premises or on the person of the Plaintiffs.

38. That upon the termination of the cavity search and the search of the "subject premises," the Defendants relocated the Plaintiffs to the 70th Precinct and placed them in a holding cell.

39. That James Landers repeatedly advised the Defendants that the Plaintiffs were authorized to be in his home.

40. That the Defendants performed a secondary full-body search of the Plaintiffs, which included a cavity search, at the 70th Precinct.

41. Despite the Plaintiffs repeated requests, the Defendants would not advise the Plaintiffs of their arrest charges.

42. That the Plaintiffs were then "chain-ganged" with hand and leg cuffs in preparation for their transport to Central Booking.

Precinct station house.

43. That upon exiting the 70th Precinct station house, and as direct result of their being "chain-ganged" together, the Plaintiffs tripped and fell down the stairs outside of the 70th Precinct station house.

44. That the Plaintiffs were then transported from the 70th Precinct to central booking.

45. On March 23, 2013, Plaintiffs EDWIN GONZALEZ, DADY MICHEL, and TYQUAN JACKSON were arraigned on a criminal misdemeanor complaint, which charged them with Criminal Trespass In The Second Degree in violation of Penal Law §140.15, and Trespass in violation of Penal Law section §140.05, under Docket No.: 2014KN020538.

46. On March 23, 2013, Plaintiffs MARVINGT JULIEN, RASHED MCNEIL, and AUSTIN BURTON were arraigned on a criminal misdemeanor complaint, which charged them with Criminal Trespass In The Second Degree in violation of Penal Law §140.15, and Trespass in violation of Penal Law section §140.05, under Docket No.: 2014KN020629.

47. On March 23, 2013, Plaintiff KENNY DORCEAN was arraigned on a criminal misdemeanor complaint, which charged them with Criminal Trespass In The Second Degree in violation of Penal Law §140.15, and Trespass in violation of Penal Law section §140.05, under an unknown Docket Number.

48. The Plaintiffs were arraigned in the Criminal Court of the City of New York, County of Kings before Hon. Richard J. Montelione.

49.     That the matters were adjourned in contemplation of dismissal pursuant to New

York Criminal Procedure Law section 170.55.

50.     As a direct and proximate result of the action of the Defendant's THE CITY OF

NEW YORK,  POLICE OFFICER MICHAEL TEMPERINO, POLICE OFFICER WILSON

CARO, and "JOHN DOES 1-10," A FICTITIOUS NAMES INTENDED TO BE POLICE

OFFICERS, EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT,

INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE

DEPARTMENT, Plaintiffs were physically assaulted resulting in severe emotional distress and

soft tissue injuries.

51.     As a direct and proximate result of the actions of the THE CITY OF NEW

YORK,  POLICE OFFICER MICHAEL TEMPERINO, POLICE OFFICER WILSON CARO,

and "JOHN DOES 1-10," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS,

EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND

AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, Plaintiffs were

falsely arrested without justification, all of which Plaintiffs are wholly innocent of, in addition to

causing the Plaintiffs to be imprisoned and severely assaulted.

52.     Defendants POLICE OFFICER MICHAEL TEMPERINO, POLICE OFFICER

WILSON CARO, and POLICE OFFICERS "JOHN DOES 1-10" acted with malice in arresting

Plaintiffs on false charges and causing the Plaintiffs to be prosecuted on charges the Defendants knew were false.

53.     Defendants POLICE OFFICER MICHAEL TEMPERINO, POLICE OFFICER WILSON CARO, and POLICE OFFICERS "JOHN DOES 1-10" brought charges against Plaintiffs and purposely misused their Police powers and the courts to arrest, harass, intimidate, assault and batter, imprison and prosecute Plaintiffs for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiffs and their use of excessive force against Plaintiffs.

54.     To date, as a direct and proximate result of defendants actions, Plaintiffs have suffered loss of their liberty, physical assault and batter, and continue to suffer physical and emotional pain and injury, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

55.     As a direct and proximate result of defendant's actions, Plaintiffs were arrested and detained without just cause.

56.     As a direct and proximate cause of defendant's actions, Plaintiffs were deprived of their rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution.

57.     Defendant THE CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officers in this case to engage in the unlawful conduct described above.

58.     Defendant THE CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the persons within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

59.     Defendant THE CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from their duties

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
THE EXCESSIVE USE OF FORCE
(DEFENDANT POLICE OFFICERS MICHAEL TEMPERINO and  WILSON CARO)

60.     Plaintiffs, repeat and reallege the allegations contained in paragraphs 1-59 of this complaint, as though fully set forth therein.

61.     On March 22, 2013 at approximately 10:40 P.M., at 636 East 21st Street,

Brooklyn, New York 11226, Defendant POLICE OFFICER MICHAEL TEMPERINO and

POLICE OFFICER WILSON CARO, without just cause or provocation and in violation of

proper and appropriate police conduct, and with maliciousness and violence, used excessive

force in affecting the arrest of Plaintiffs such that Plaintiffs were injured.

62.     That the Defendants, acting as an agent and on behalf of the THE CITY OF NEW

YORK and within the scope of their employment, intentionally and maliciously used excessive

force, beyond what any reasonable officer in the circumstances would have used, while effecting

an arrest of Plaintiffs, and that no supervisor or superior officer intervened to prevent the use of

such excessive force.

63.     By reason of the aforesaid, Plaintiffs suffered great physical damage and pain,

intimidation and fear, and conscious pain and suffering, and were otherwise damaged.

64.     The acts and conduct of Defendant POLICE OFFICER MICHAEL TEMPERINO

and POLICE OFFICER WILSON CARO, as alleged in the foregoing paragraphs constitute the

excessive use of force in effecting an arrest in violation of the Eighth Amendment to the United

States Constitution and 42 U.S.C. Section 1983.

SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
THE EXCESSIVE USE OF FORCE
(DEFENDANT POLICE OFFICERS "JOHN DOES 1-10")

65.    Plaintiffs, repeat and reallege the allegations contained in paragraphs 1-64 of this complaint, as though fully set forth therein.

66.    On March 23, 2013, the Defendant Police Officers "JOHN DOE 1-10", without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force in affecting the arrest of Plaintiffs such that the Plaintiffs were injured.

67.    That the Defendants, acting as agents and on behalf of the THE CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, while effecting an arrest of Plaintiffs, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

68.    By reason of the aforesaid, Plaintiffs suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and were otherwise damaged.

69.    The acts and conduct of Defendants " JOHN DOE 1-10", as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment of the United States Constitution an 42 U.S.C Section 1983.

THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
(DEFENDANT POLICE OFFICERS MICHAEL TEMPERINO and  WILSON CARO)

70.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1-69 of this complaint as though fully set forth therein.

71.    The actions of DEFENDANT POLICE OFFICERS MICHAEL TEMPERINO and WILSON CARO, members of the New York City Police Department, and acting under the color of state law, deprived Plaintiffs of their rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

72.    By these actions, the individual defendants have deprived Plaintiffs of their rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which Defendants are individually liable.

73.    As a result of the foregoing, Plaintiffs were deprived of liberty, sustained great emotional injuries, were subject to great humiliation, and were otherwise harmed, damaged and injured.

FOURTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
(DEFENDANT POLICE OFFICERS "JOHN DOES 1-10")

74.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1-73 of this complaint as though fully set forth therein.

75.     The actions of Defendants "JOHN DOES 1-10", members of the New York City

Police Department, and under the color of state law, deprived Plaintiffs of their rights, privileges

and immunities under the laws of the Constitution of the United States of America, in particular

the rights to liberty, to be secure in his person and property, to due process under the law, and

the concomitant rights to be free from false arrest, false imprisonment, and the intentional and/or

negligent infliction of emotional distress.

76.     By these actions, the individual defendants have deprived Plaintiffs of their rights

secured by the Fourth and Fourteenth Amendments to the United States Constitution, in

violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

77.     As a result of the foregoing, Plaintiffs were deprived of liberty, sustained great

emotional injuries, were subject to great humiliation, and were otherwise harmed, damaged and

injured.

### FIFTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS (DEFENDANT THE CITY OF NEW YORK)

78.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1-77 of this

complaint and though fully set forth therein.

79.     At all times material to this complaint, Defendant THE CITY OF NEW YORK,

acting through its police department, the New York City Police Department, had in effect de

facto policies, practices, customs and usages that were a direct and proximate cause of the

unconstitutional conduct of the defendant officers.

80.     These policies, practices and customs include, inter alia, the use of excessive

force in making arrests, charging the Plaintiffs with two (2) Counts under the New York Penal

Law when the Defendant officers used excessive force in an attempt to cover up their

wrongdoing.

81.     Upon information and belief, Defendant THE CITY OF NEW YORK, failed to

effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other

employees, including the defendant officers and employees herein, with respect to their

propensity to use their police power in an unduly aggressive and violent manner, and to have a

propensity to use excessive force in executing their police duties, and for their failure to protect

citizens from unconstitutional conduct of other detective, sergeants, officers, and employees,

thereby permitting and allowing the defendant detectives, officers, sergeants and employees

herein to be in a position to maliciously assault and batter the Plaintiffs, without cause or

justification, in a demonstration of the excessive force in effecting the arrest of Plaintiffs, that

was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of

official power that shocks the conscience, and to otherwise cause them injury and violate their

constitutional rights, and/ or permit these actions to take place with their knowledge and/or

consent.

82.     Upon information and belief, defendant THE CITY OF NEW YORK maintained

an inadequate structure for risk containment and stress management relative to its detectives,

sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of detective, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

83.     As a result of the foregoing conscious policies, practices, customs and/or usages, Defendant THE CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the Plaintiffs therein.

84.     The acts of Defendant THE CITY OF NEW YORK as set forth above in paragraphs 1-83 deprived Plaintiff's of their rights, privileges and immunities under the laws and

Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

85.    The acts and conduct of Defendant THE CITY OF NEW YORK as set forth above in paragraphs 1-83 deprived Plaintiff's of their rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

86.    By these actions, Defendant THE CITY OF NEW YORK has deprived Plaintiffs of their rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

87.    As a result of the foregoing, Plaintiffs sustained physical injuries, great emotional injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

## SIXTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (All Defendants)

88.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1-87 of this complaint and though fully set forth therein.

89.     Defendants THE CITY OF NEW YORK, POLICE OFFICER MICHAEL

TEMPERINO, POLICE OFFICER WILSON CARO and "JOHN DOES 1-10," under the color of

the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten,

harass and intimidate Plaintiffs, denying them free exercise and enjoyment of the rights and

privileges and equal protection of the law secured to them by the Constitution, including the

rights to be free from excessive force.

90.     The aforementioned defendants, under the color of the law, conspired with each

other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or

to produce false evidence in an effort, in violation of Plaintiff's constitutional rights including the

right to due process, to have Plaintiffs wrongfully prosecuted for a crime that they did not

commit.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs AUSTIN BURTON, KENNY DORCEAN, EDWIN

GONZALEZ, TYQUAN JACKSON, MARVINGT JULIEN, RASHED MCNEIL, and DADY

MICHEL request the following relief jointly and severally as against all of the Defendants:

1.     Award compensatory damages in an amount to be determined at trial;

2.     Award punitive damages in an amount to be determined at trial;

3.     Disbursements, costs and attorney's fees; and

4.     For such other further relief that this court may decide just and proper under the

circumstances.

PLAINTIFFS DEMAND TRIAL BY JURY

Dated: Brooklyn, New York
      May 8, 2014

ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiffs*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100